410 October 9, 2024 No. 715

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. B.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

K. B.,
*Appellant.*

Lane County Circuit Court
23CC05214; A182349

Stephen W. Morgan, Judge.

Submitted September 13, 2024.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna J. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Appellant appeals a judgment committing him to the custody of the Oregon Health Authority (OHA) for a period not to exceed 180 days and prohibiting him from purchasing and possessing a firearm. In his sole assignment of error, appellant contends that the trial court erred in determining that he was a "person with a mental illness" within the meaning of ORS 426.130(1)(a) and ORS 426.005(1)(f)(A), because "the record lacks clear and convincing evidence that due to a mental disorder appellant was a danger to self." We conclude that the record contains legally sufficient evidence to support the trial court's conclusion. We affirm.

Appellant has multiple mental health diagnoses and a history of suicide attempts, including one recent attempt. In the months prior to his hospitalization in this case, appellant suffered a mental health decline. After appellant was hospitalized, he refused medication and his condition did not improve.

At appellant's commitment hearing, his mental health providers testified that appellant's symptoms were a barrier to appellant resuming medication. Providers further confirmed that appellant had exhibited impulsivity and "suicidality" in the days prior to the hearing. But appellant testified that he had no current intentions to harm himself.

Nevertheless, the trial court determined that, due to appellant's diagnoses, his impulsivity and "suicidality," and his refusal of medication, appellant was an imminent danger to himself as a result of his mental disorder, and entered a judgment committing appellant to the custody of OHA. Appellant appeals, arguing that the evidence was insufficient to support the trial court's conclusion that appellant is a "person with a mental illness."

In considering a question of the sufficiency of the evidence to civilly commit a person alleged to have a mental illness, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient

to permit that outcome." *State v. M. A.*, 276 Or App 624, 625, 371 P3d 495 (2016) (internal quotation marks omitted).

A trial court may commit a person if the state proves, by clear and convincing evidence, that the person is a "person with a mental illness," ORS 426.130(1)(a), because the person is a danger to self as a result of a mental disorder, ORS 426.005(1)(f)(A). A person alleged to have a mental illness is a danger to self only if "serious," "life-threatening" harm is "likely [to occur] in the near future." *State v. B. B.*, 240 Or App 75, 82-83, 245 P3d 697 (2010) ("[A]lthough a person can be committed on the 'danger to self' basis before he or she is on the 'brink of death,' the prospect of serious physical harm must be more than merely 'speculative.'"); *cf. State v. M. J. F.*, 306 Or App 544, 546-47, 473 P3d 1141 (2020) (There was concrete and imminent risk of harm to self where the appellant had recently attempted suicide, continued to threaten suicide while hospitalized, and demanded his release from the hospital despite providers' concerns.).

As noted above, appellant contends that the trial court erred in determining that appellant was a "person with a mental illness," because the record was insufficient to establish, by clear and convincing evidence, that appellant posed a "near term" danger to himself. In appellant's view, that is so because "appellant did not appear suicidal at the commitment hearing," and appellant "had not harmed [himself] or presented a particularized threat of causing [himself] serious physical harm" in the days prior to the hearing. The state responds that the evidence in the record—including appellant's history, his current mental state, and the fact that he "had not improved by the time of the hearing"— was sufficiently clear and convincing to support the trial court's conclusion that appellant posed an imminent danger to himself.

We agree with the state and conclude that there is legally sufficient evidence in the record to support the trial court's finding that appellant was at imminent risk of serious physical harm at the time of the hearing. In particular, appellant's treating psychiatrist testified that appellant was at "high risk of harm to self" due to his impulsivity and suicidal ideation. That appellant "did not appear suicidal

at the commitment hearing" does not alter that conclusion. The trial court acknowledged appellant's statement that he had no current intentions to harm himself. But the trial court credited the testimony of appellant's mental health providers, who indicated that appellant's mental health condition had not improved over the course of his hospitalization because he had refused treatment in the form of psychiatric medication. Appellant confirmed that he was not taking medication, and that, if released, he would not take medication.

In light of that evidence and resolving inferences in favor of the trial court's disposition, this record is sufficient to support the trial court's determination that appellant was a danger to self as a result of his mental disorder and was thus a "person with a mental illness" within the meaning of ORS chapter 426.

Affirmed.